UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAEYOUNG LEE and JAEYOUNG PARK, wife and husband, and the marital community composed thereof,<br><br>                  Plaintiffs<br><br>v.<br><br>KOREAN AIR LINES CO., LTD, a foreign corporation,<br><br>                  Defendant. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiffs, by and through their undersigned attorneys, and allege as follows:

### I.    PARTIES

1.1.    Plaintiffs Haeyoung Lee and Jaeyoung Park were at all relevant times citizens of the Republic of Korea, and residents of Seoul, Korea, and over the age of eighteen.

1.2    Defendant Korean Air Lines Co., Ltd. ("KAL") has its principal place of business in Seoul, Republic of Korea. At all relevant times herein, KAL was engaged in the business of providing air transportation services for passengers located in the United States and elsewhere,

COMPLAINT FOR DAMAGES  - 1

**HART JARVIS MURRAY CHANG PLLC**
155 N.E. 100th Street, Suite 210
Seattle, WA 98125
Tel: (206) 735-7474
Fax: (206) 260-2950

including Seattle, Washington, which is a major hub for KAL in the United States. KAL is registered to do business in Washington and maintains a registered agent in Seattle, Washington.

## II.   JURISDICTION AND VENUE

2.1   This action is properly brought before the United States District Court of the Western District of Washington at Seattle pursuant to 28. U.S.C. §1331. The subject matter of this claim involves an accident that occurred during international air travel, and Ms. Lee's cause of action arises from a treaty agreement, namely, the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal May 28, 1999, reprinted in S. Treaty Doc. No. 106–45, 1999 WL 33292734, commonly and hereinafter referred to as "the Montreal Convention".

2.2   The United States District Court for the Western District of Washington at Seattle has personal jurisdiction over KAL, which has sufficient minimum contacts with and has purposefully availed itself of the benefits of doing business in both this State and District – in particular at Sea-Tac International Airport ("the Airport") in King County, Washington.

2.3   The venue properly lies in this Court pursuant to 28 U.S.C § 1391(b)(a), as a substantial part of the events or omissions giving rise to the claim occurred in this District. The venue is further proper under Article 33 of the Montreal Convention, as this Court is the court at the place of destination, and the principal place of business for KAL is located within this District and this State of Washington. KAL further operates services for the carriage of passengers by air from the Airport, located within this District and in this State.

## III.   FACTS

3.1   Plaintiffs re-allege and incorporate by reference all preceding paragraphs in this complaint as if fully set forth herein.

COMPLAINT FOR DAMAGES - 2

3.2     Prior to August 27, 2016, Plaintiffs entered into a contract for international carriage, as that term is known and defined in Article 1 of the Montreal Convention.

3.3.    On August 27, 2016, Plaintiffs were fare paying passengers aboard a KAL aircraft, operated as KAL Flight No. 19, seated at seat numbers 41B and 41C.  Around 1 p.m. on that day, the KAL Flight No. 19 landed at Sea-Tac International Airport, and the passengers, along with the Plaintiffs, started to disembark the plane.

3.4     As Ms. Lee was walking on the aisle of the KAL Flight No. 19 along with the other passengers, toward the exit of the airplane, the queue of passengers were moving at a heightened speed as they eagerly moved to disembark the plane.

3.5     As Ms. Lee was moving, her right thigh accidentally came into a traumatic contact with the sharp corner of one of the hand rest of the seat of the airplane, which was protruding in the aisle, and Ms. Lee immediately felt an excruciating pain in her pelvis and upper right leg.

3.6     Due to the pain, Ms. Lee was unable to ambulate, and sat down on the nearest seat.

3.7     After all other passengers had debarked, Ms. Lee was transported via ambulance to the Franciscan System Health System's emergency department, where it was diagnosed that as a result of this accident, she sustained a right femur fracture.  She was treated with the intramedullary rod fixation surgery.

3.8     Plaintiff Ms. Lee has suffered and continues to suffer pain, discomfort and fatigue, with both physical and mental stress and suffering.

3.9     Plaintiff Ms. Lee has endured numerous medical appointments, testing, procedures and surgery as a result of this accident.

3.10    Plaintiff Ms. Lee's injuries have caused a direct loss of consortium and impairment of the Plaintiffs' martial relationship.

COMPLAINT FOR DAMAGES  - 3

HART JARVIS MURRAY CHANG PLLC
155 N.E. 100th Street, Suite 210
Seattle, WA 98125
Tel: (206) 735-7474
Fax: (206) 260-2950

3.11    Plaintiffs sustained the loss of the pre-paid tour package, of which the flight in question was a part, and their vacation plan was cancelled, and therefore also sustained a loss of enjoyment thereof.

3.12    Plaintiffs and each of them suffered other special damages, including medical expenses and the cost of medical equipment, as well as other incidental expenditure necessitated by Ms. Lee's injuries.

## IV.    CAUSE OF ACTION

4.1    Plaintiffs re-allege and incorporate by reference all preceding paragraphs in this complaint as if fully set forth herein.

4.2    At the time of this accident, KAL was engaged in international carriage as defined in Article 1 of the Montreal Convention, and the Montreal Convention is therefore applicable to this action, pursuant to the same Article.

4.3    Pursuant to Articles 17 and 21 of the Montreal Convention, KAL is strictly liable for damages sustained in the case of bodily injury to a passenger on board the aircraft up to 113,100 Special Drawing Rights.

4.4    KAL is also liable for damages above and beyond 113,100 Special Drawing Rights unless KAL proves that (a) such damage was not due to its negligence, wrongful act, or omission of KAL or its servants or agents or (b) such damage was due solely t the negligence or other wrongful act or omission of a third party.

4.5    As a direct result of the aforementioned accident, Plaintiff Ms. Lee suffered pain, shock, emotional distress, anxiety, loss of enjoyment of life, loss of past and future medical expenses, and further injuries and damages as will be proven at trial.

COMPLAINT FOR DAMAGES - 4

HART JARVIS MURRAY CHANG PLLC
155 N.E. 100th Street, Suite 210
Seattle, WA 98125
Tel: (206) 735-7474
Fax: (206) 260-2950

4.6    KAL, its officers, agents, servants and/or employees had a duty of utmost care and vigilance to its fare-paying passengers (including Plaintiffs) to transport them safely.

4.7    Defendant KAL had a duty to use the highest degree of care consistent with the operation of its aircraft and its business as a common carrier.

4.8    Defendant KAL breached its duty toward Plaintiffs, by failing to maintain a safe debarkation passage out of the plane, failing to maintain its equipment and chairs in safe manner as not to provide an unreasonable danger to the passengers waling on the isles of the plane, failing to warn of the conditions of the arm rests of the chair as a potential hazard in moving about in the aisles of the plane, failing to adequately train its personnel in providing a safe and hazard-free debarkation procedure and passages, and/or other acts or omissions that proximately caused this accident to be proven at trial.

4.9    As a direct and proximate cause of the incident described herein, and the negligent and tortious actions of the defendant, Plaintiffs have suffered injuries and damages as described herein.

## V.    DAMAGES

5.1    Plaintiffs re-allege and incorporate by reference all preceding paragraphs in this complaint as if fully set forth herein.

5.2    The accident as described above, and Defendant KAL's negligence, proximately caused injuries and damages to Plaintiff Ms. Lee, including but not limited to severe physical injuries, past and future medical expenses, past and future pain and suffering, past and future emotional distress, past and future loss of enjoyment of life, trauma, fear, fright, and any and all special and general damages allowed by law or otherwise, all in an amount to be proven at trial.

COMPLAINT FOR DAMAGES  - 5

**HART JARVIS MURRAY CHANG PLLC**
155 N.E. 100th Street, Suite 210
Seattle, WA 98125
Tel: (206) 735-7474
Fax: (206) 260-2950

5.3     The accident as described above, and Defendant's negligence, proximately caused injuries to Plaintiff Mr. Park including but not limited to loss of consortium, love, society, affection, care, services, companionship and damage to the marital relationship.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment of liability in favor of the Plaintiffs and against the Defendant herein as follows:

6.1     For judgment against Defendant for general and special damages in an amount to be proven at the time of trial;

6.2     For all costs and expenses herein;

6.3     For prejudgment interest on all damages herein;

6.4     For attorney fees, disbursements, and litigation expenses;

6.5     For such other and further relief as this Court deems just and equitable.

DATED this 22nd day of August, 2018.

**HART JARVIS MURRAY CHANG PLLC**

s/ Kenneth M. Chang
Kenneth M. Chang, WSBA No. 26737
Attorney for Plaintiffs
Hart Jarvis Murray Chang PLLC
155 N.E. 100th Street, Suite 210
Seattle, WA 98125
Telephone: (206) 735-7474
Fax: (206) 260-2950
E-mail: kchang@hjmc-law.com

**COMPLAINT FOR DAMAGES  - 6**

**HART JARVIS MURRAY CHANG PLLC**
155 N.E. 100th Street, Suite 210
Seattle, WA 98125
Tel: (206) 735-7474
Fax: (206) 260-2950