UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAEYOUNG LEE and JAEYOUNG PARK, wife and husband, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>KOREAN AIR LINES CO., LTD., a foreign corporation,<br><br>Defendant. | CASE NO. C18-1242-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

**I.  BACKGROUND**

Plaintiffs are citizens of the Republic of Korea and reside in Seoul, Korea. (Dkt. No. 1.) Defendant has its principal place of business in Seoul, Korea. (*Id*.) On or around July 29, 2016, Plaintiffs bought round trip tickets to travel from Busan, South Korea to Seattle, Washington and back. (*Id*.; Dkt. No. 11 at 2–3.) On August 27, Plaintiffs were fare-paying passengers on an aircraft operated by Defendant. (Dkt. No. 1.) The aircraft landed at Sea-Tac International

1 Airport, and Plaintiffs began the disembarkation process along with the other passengers. (*Id.*)
2 As Ms. Lee walked down the aisle, her right thigh accidentally came into contact with the corner
3 of a hand rest affixed to a seat on the aircraft, which injured Ms. Lee. (*Id.*)

Plaintiffs have filed suit against Defendant for violation of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal May 28, 1999, reprinted in S. Treaty Doc. No. 106-45 (the "Montreal Convention"). (*Id.*) Defendant moves to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 10.) Defendant contends that the United States is not a proper forum under Article 33 of the Montreal Convention. (*Id.*)

## II. DISCUSSION

A defendant may move to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone*, 373 F.3d 1035, 1039 (9th Cir. 2004). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor," and then determining whether they are legally sufficient to invoke jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

The Montreal Convention governs "'all international carriage of persons, baggage or cargo performed by aircraft for reward,' [and] provides the exclusive remedy for international passengers seeking damages against airline carriers." *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014) (quoting Montreal Convention art. 1(1)).[1] The Court's interpretation of the Montreal Convention begins with the Convention's text. *Medellin v. Texas*, 552 U.S. 491, 506 (2008). But "[t]he Montreal Convention is the successor to the Warsaw Convention of 1929," and the two Conventions share many substantive provisions. *Narayanan*, 474 F.3d 1127

---

[1] The parties agree that the Montreal Convention applies to this case. (*See* Dkt. Nos. 10 at 4–5, 13 at 2.)

n.2 (citing Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, 137 L.N.T.S. 11 (the "Warsaw Convention")). "Accordingly, in interpreting the Montreal Convention, courts have routinely relied upon Warsaw Convention precedent where the equivalent provision in the Montreal Convention is substantively the same." *Id*. Pursuant to the Montreal Convention:

> An action for damages must be brought, at the option of the plaintiff, in the territory of one of the States Parties, either before the court of the domicile of the carrier or of its principal place of business, or where it has a place of business through which the contract has been made or before the court at the place of destination.

Montreal Convention art. 33(1). In a case concerning the injury of a passenger, an action may be brought in a State Party's territory where the passenger has his or her principal and permanent residence and to or from which the carrier operates services. Montreal Convention art. 33(2)–(3). Article 33(1) of the Montreal Convention is substantively the same as Article 28(1) of the Warsaw Convention. *See* Montreal Convention art. 33(1), *see also* Warsaw Convention 28(1).

"United States courts lack subject matter jurisdiction over a passenger's claims unless the passenger can show that at least one of the five territories [listed in Article 33] is in the United States." *In re Air Crash at San Francisco, California, on July 6, 2013*, 2017 WL 3484643, slip op. at 3 (N.D. Cal. 2017) (citing *Hosaka v. United Airlines, Inc.*, 305 F.3d 989 (9th Cir. 2002); *Harris v. Polskie Linie Lotnicze*, 820 F.2d 1000, 1002 (9th Cir. 1987); *Hornsby v. Lufthansa German Airlines*, 593 F. Supp. 2d 1132, 1135–36 (C.D. Cal. 2009)).

The parties dispute whether the United States is the "place of destination" under their contract, and thus is a proper forum under Article 33(1) of the Montreal Convention. (*See* Dkt. Nos. 10 at 6–9, 13 at 2–7, 14 at 2–11.)[2] Courts interpreting Article 28(1) of the Warsaw Convention have held that the "place of destination" is the final destination specified in the contract between the parties; in the case of a roundtrip ticket, the place of destination is the same

---

[2] Plaintiffs do not contend that any of the other four forums provided for in Article 33 of the Montreal Convention are located in the United States under the facts of this case. (*See generally* Dkt. No. 13);

as the place of departure. *See Klos v. Lotnicze*, 133 F.3d 164, 167 (2d Cir. 1997); *Swaminathan v. Swiss Air Transp. Co.*, 962 F.2d 387, 389 (5th Cir. 1992); *In re Alleged Food Poisoning Incident, Mar., 1984*, 770 F.2d 3, 5–6 (2d Cir. 1985). Courts interpreting Article 33(1) of the Montreal Convention have similarly concluded that the "place of destination" for a roundtrip ticket is the same place as that of departure. *See, e.g.*, *Fadhliah v. Societe Air France*, 987 F. Supp. 2d 1057, 1066 (C.D. Cal. 2013); *Hornsby v. Lufthansa German Airlines*, 593 F. Supp. 2d 1132, 1136 (C.D. Cal. 2009); *Baah v. Virgin Atl. Airways Ltd.*, 473 F. Supp. 2d 591, 597 (S.D.N.Y. 2007); *see also Wendelberger v. Deutsche Lufthansa AG*, 2018 WL 2387858, slip op. at 3–5 (N.D. Cal. 2018); *In re Air Crash*, 2017 WL 3484643, slip op. at 4; *Razi v. Qatar Airways Q.C.S.C.*, 2014 WL 496654, slip op. at 3 (S.D. Tex. 2014).

In this case, Plaintiffs purchased tickets for a trip beginning and ending in Busan, South Korea, with intervening stops in Incheon, South Korea and Seattle, Washington. (Dkt. No. 11 at 2–3.) Plaintiffs purchased the tickets at the same time, and all of the component flights were on aircraft owned and operated by Defendant. (*Id*. at 2.) Defendant characterizes its contract with Plaintiffs' as for "roundtrip transportation," and Plaintiffs do not dispute this characterization. (*See* Dkt. Nos. 10 at 4, 13 at 2.) Therefore, under the extensive case law interpreting Article 33(1) of the Montreal Convention and its predecessor provision in the Warsaw Convention, the "place of destination" under Plaintiffs' contract with Defendant was Busan, South Korea, not Seattle, Washington. As none of the other forums provided for in Article 33 lie in the United States, the Court does not have subject matter jurisdiction over this action. *See In re Air Crash*, 2017 WL 3484643, slip op. at 3.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 10) is GRANTED. Plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction.

//

1     DATED this 2nd day of January 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1242-JCC
PAGE - 5